IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RICHARD SLEZAK, | ) | CIVIL NO. 18-00371 JAO-RLP |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING APPLICATION |
| vs. | ) | TO PROCEED IN FORMA |
| | ) | PAUPERIS |
| NANCY A. BERRYHILL, | ) | |
| Defendant. | ) | |

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Richard Slezak's ("Plaintiff") Application to Proceed In Forma Pauperis ("Application" or "IFP Application"), filed September 27, 2018. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation

omitted).

Based on the present record, the Court is unable to ascertain whether Plaintiff is entitled to proceed IFP. Paragraph three of the Application requires identification of all sources of income for the past 12 months. For the identified source(s) of income, a plaintiff must describe the source of money and state the amount received and the amount he or she expects to receive in the future. Here, although Plaintiff identified dividends as a source of income, he merely states that "[d]ividends were less than $300," without indicating what amounts he expects to receive in the future.

Plaintiff also represents that he has $3,000 in cash or in a checking or savings account; a damaged 2014 Subaru Forester; a Maui property, the access to which has been destroyed by the State/City; and stocks with a value of approximately $5,000. With respect to his vehicle and property, Plaintiff claims that "[b]oth have values that cannot easily be determined [sic] together could be a few thousand dollars." IFP Application at ¶ 5. Taken together, these assets militate against a finding that Plaintiff is entitled to proceed IFP. Moreover, the veracity of Plaintiff's representation that his vehicle and property have a combined value of a few thousand dollars is questionable. Nevertheless, the Court will provide Plaintiff with an opportunity to clarify this information.

Finally, although the form Complaint utilized by Plaintiff requires that a copy of the Commissioner's final decision, as well as a copy of the notice that an appeal was denied from the Social Security Appeals Council, be attached, *see* Compl., sec. II, Plaintiff failed to attach said documents. Without this information, the Court is unable to assess whether Plaintiff properly commenced this action.

For these reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's IFP Application. If Plaintiff wishes to resubmit an Application addressing the identified deficiencies, he must do so by **October 15, 2018**. Plaintiff must provide all information requested in the Application and include all relevant details and monetary values with respect to his assets and income. If Plaintiff does not intend to seek IFP status, he must pay the applicable filing fee by **October 15, 2018**. Failure to file another IFP Application or submit the applicable filing fee by **October 15, 2018** will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 1, 2018.

Jill A. Otake
United States District Judge

CIVIL NO. 18-00371 JAO-RLP; *SLEZAK V. BERRYHILL*; ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS